UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD RICHARD BROWN , <br><br> Petitioner, <br><br> v. <br><br> DONALD HOLBROOK, <br><br> Respondent. | CASE NO. 2:20-cv-01753-RSM-BAT <br><br> **REPORT AND RECOMMENDATION** |

Before the Court is petitioner's *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his convictions for two counts of first degree robbery, and one count of first degree burglary in Snohomish County Superior Court Case No 12-1-00148-5. Dkt. 1. Firearm enhancements were applied to each conviction. *Id*.

The matter has been referred to the undersigned Magistrate Judge. Under Rule 4 of the rules governing § 2254 petitions, the Court should examine a habeas petition once it is properly filed and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition. Having reviewed the petition, the parties' pleadings and the record, the Court recommends the petition be denied and the case be DISMISSED with prejudice on the grounds that it is untimely and barred by the statute of limitations.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Petitioner alleges, in a memorandum attached to the habeas petition, his rights were violated by: (1) the admission of uncharged crimes and other bad acts; (2) the trial judge's failure to give a cautionary instruction about the death of certain individual; (3) the state's failure to prove each element of robbery in the first degree; (4) the trial judge's denial of his right to present a complete defense and cross-examine a certain witness; (5) the imposition of a vindictive sentence; (6) the giving of a "to convict" jury instruction that relieved the state of its burden to prove each element of the crime; and (7) the failure of the "to convict" instructions for robbery in the first degree to include every element of the crime.

Because the claims are time-barred, the Court focuses on the procedural history of the case. Petitioner was originally charged in a six-count information, convicted on all counts and sentenced in Snohomish County Superior Court Case No 12-1-00148-5 in 2013. Dkt. 9, Ex. 3. He appealed and the case was remanded for resentencing on the robbery and burglary convictions only. *Id.* Ex. 2. The state trial court resentenced petitioner in June 2016. *Id.*, Ex. 1. Petitioner appealed. The Washington Supreme Court denied review in June 2019, Ex. 24, and the Supreme Court denied certiorari on November 18, 2019, making the judgment final. *See Brown v. Washington*, 140 S.Ct. 546 (Nov. 18, 2019).

Before judgment became final, Petitioner also filed a personal restraint petition (PRP) and motions for relief in the trial court. His PRP was filed in 2017, Ex. 25. The Washington Supreme Court denied review of the PRP on August 27, 2018, Ex. 31, and a certificate of finality was issued on November 2, 2018. *Id.* Ex. 32. In 2017, petitioner also filed a post-conviction motion in the superior court. Ex. 34. The superior court transferred the motion to the Washington Court of Appeals for consideration as a PRP. Ex. 35. The Washington Supreme Court denied the

1  PRP on September 24, 2018, Ex. 39, and issued a certificate of finality on November 15, 2018.

2  Ex. 40.

3  Petitioner's federal habeas corpus petition was prepared and submitted to the Court by

4  Desmond Kolke, attorney at law. Dkt. 1 at 16. The petition acknowledges it was filed outside of

5  the federal habeas statute of limitations. In the section regarding "Timeliness of Petition,"

6  Mr. Kolke states:

> Judgment became final on the date the United States Supreme Court denied Mr. Brown's time writ of certiorari to review a decision affirming the conviction on direct appeal. That date was November 18, 2019. Mr. Brown sent me material to prepare the Writ of Habeas Corpus on October 7, 2020 to organize and complete the form for submission. I had been working on organizing the material and completing the form for Mr. Brown as a former client of mine. Unfortunately, I received a phone call from another client that I had met in person on November 13, 2020, informing me that they had tested positive for COVID-19. This call was on the evening of November 17, 2020. I began experiencing a headache, fatigue, high temperature on November 16, 2020 and was not feeling well at the time I received the phone call from the client that had tested positive. I had made up my mind that if I didn't feel better by that coming Friday, I was going to make an appointment with the Dr. The next morning after the phone call from the client on November 17, 2020 I called my provider and explained what had occurred. The office set up a virtual appointment for later in the day and they told me to stay at home. At the virtual appointment, the Dr. stated that under the CDC guidelines I was to quarantine for at least 14 days. The Dr. also told me that appointments for COVID testing were being set into the week before Thanksgiving and he recommends that I try to find a walk in clinic for the test. On November 19, 2020, I found an urgent care clinic that took walk ins for COVID 19 tests. I went there and had the test taken and was told that with the recent outbreak and the Governor's new restrictions that I should stay home at least until I received the result from the test. I did not go into the office on the 18th, 19th, 20th and 23rd. I checked MYCHART the morning of November 24, 2020 and found that my results were negative. As a result I went to the office and finished this Writ and Attachment for submission. That is the reason that the Petition is late.

REPORT AND RECOMMENDATION - 3

1  *Id.* Counsel placed the petition in the US Mail on November 24, 2020 (*id.* at 16) and the Court
2  received the petition on November 27, 2020 for filing. *See* Dkt. 1.

### DISCUSSION

Federal habeas corpus petitions filed by persons, such as petitioner, who are imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

In this case, there is no dispute the habeas petition was filed outside the federal statute of limitations and is thus untimely. The petition states it is "late" and the record shows the state courts rejected petitioner's PRP's in 2018, and petitioner's judgment became final for purposes of calculating the statute of limitations on November 18, 2019 when the Supreme Court denied certiorari. The federal habeas statute of limitations therefore lapsed 365 days later on November 17, 2020. *See Smith v. Davis*, 953 F.3d 582, 591 (9th Cir. 2020) (Congress established a one-year statute of limitations under 28 U.S.C. § 2244(d)(1) and intended for petitioners to have 365 days to file a habeas petition after judgment is final.). Thus, because the petition was filed outside the

REPORT AND RECOMMENDATION - 4

statute of limitations, the sole question the Court must address is whether the statute of limitations should be equitably tolled or superseded by a colorable claim of actual innocence.

In resolving this question, the Court first addresses whether petitioner is entitled to the "mail-box rule" by sending Mr. Kolke materials in October 2019 so that Mr. Kolke could prepare the habeas petition for filing. Under the "mailbox rule," a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court. *See Saffold v. Newland*, 250 F.3d 1262, 1265, 1268 (9th Cir.2000), overruled on other grounds, Hence, a prisoner must meet two requirements for the mailbox rule to apply. The prisoner must be proceeding without assistance of counsel and the prisoner must deliver the petition to prison authorities for forwarding to the court within the limitations period. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

Petitioner meets neither requirement. Petitioner was proceeding with the assistance of counsel in filing the habeas petition. Mr. Kolke, an attorney, agreed to prepare the habeas petition for petitioner, prepared the petition and brief in support, signed the habeas petition and filed it via US Mail. Because Mr. Kolke prepared and filed the habeas petition, the "mail box rule" does not apply to this case.

The Court next addresses whether Mr. Kolke's explanation for filing the petition outside the statute of limitation is grounds for the Court to equitably toll the habeas statute of limitations. The Court may equitably toll the federal habeas one-year limitations period upon a showing that (1) the petitioner pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 632 (2010); *Fue v. Biter*, 842 F.3d 650, 657 (9th Cir. 2016). In order to demonstrate diligence, a litigant "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing

REPORT AND RECOMMENDATION - 5

1 caused by an extraordinary circumstance existed, but before and after as well, up to the time of
2 filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020). It is only
3 when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from
4 making a timely filing that equitable tolling may be a proper remedy. *Id.* at 600. The equitable
5 tolling inquiry sets a high bar, reserving equitable tolling for rare cases. *Yeh v. Martel*, 751 F.3d
6 1075, 1077 (9th Cir. 2014). A petitioner "bears the burden of showing that this extraordinary
7 exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

8 The Court concludes that under these standards Mr. Kolke's explanation for why he filed
9 the habeas petition "late," is not grounds to equitably toll the federal habeas statute of limitations.
10 Mr. Kolke did not act with diligence before the statute of limitations lapsed. He received
11 materials from petitioner on October 7, 2020 to file the petition. He obviously knew the statute of
12 limitations would lapse on November 17, 2020 but failed to work on and file the petition in a
13 timely manner.

14 Mr. Kolke also did not act with diligence on the day the limitations period expired. He
15 avers he met a client on November 13, 2020 and was told by the client on the evening of
16 November 17, 2020 the client had a positive COVID-19 test result. That Mr. Kolke was
17 informed on the evening the federal habeas statute of limitations would lapse does not explain
18 why he had not already filed the habeas petition earlier during the workday. Mr. Kolke indicated
19 he began to feel unwell but the statement he provided indicates he continued to work both on
20 November 16 and November 17, 2020 but did not file the federal habeas petition.

21 And lastly, Mr. Kolke did not act with diligence after the limitations period expired. He
22 avers he completed the petition on November 24, 2020 but instead of filing it that day, he put it
23

REPORT AND RECOMMENDATION - 6

into the mail. This act resulted in the federal petition being filed on November 27, 2020, rather than November 24, 2020 when Mr. Kolke could have filed it.

That Mr. Kolke failed to act with diligence does not shield petitioner from the requirements of meeting the statute of limitations or provide Petitioner with an independent basis to equitably toll the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (Counsel's mistakes leading to missing the filing deadline does not warrant equitable tolling); *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (Court rejects counsel's mistake in calculating the limitations period as an extraordinary circumstance because it "would essentially equitably till limitations periods for every person whose attorney missed a deadline."); *Maples v. Thomas*, 565 U.S. 266, 281 (2012) ("an attorney's negligence, for example, miscalculating a filing deadline, does not provide a basis for tolling a statutory time limit.")

Under extraordinary circumstances, counsel's malfeasance may support equitable tolling. *Holland*, 560 U.S. at 652-53 (equitable tolling may be appropriate where post-conviction counsel effectively abandoned client); *Gibbs v. Legrand*, 767 F.3d 879, 886 (9th Cir. 2014) ("[f]ailure to inform a client that his case has been decided, particularly where that decision implicates the client's ability to bring further proceedings and the attorney has committed himself to informing his client of such a development, constitutes attorney abandonment."); *Foley v. Biter*, 793 F.3d 998, 1003 (9th Cir. 2015) (equitable tolling warranted where counsel failed to communicate with client, failed to notify client that his habeas petition had been denied, and failed to withdraw as counsel so client could be served directly, where client believed counsel was representing him and expected a long delay before receiving a decision from the district court).

However, this case does not involve extraordinary malfeasance of counsel that justifies the application of equitable tolling. Counsel did not abandon petitioner; rather he completed and

REPORT AND RECOMMENDATION - 7

1 filed the habeas petition. Counsel's failure to timely file the petition is a "'garden variety claim' of attorney negligence" and such failures are not extraordinary circumstances justifying equitable tolling. *Holland v. Florida*, 560 U.S. at 652. In sum, the Court concludes petitioner filed his petition outside of the § 2254 statute of limitations period and is not entitled to equitable tolling of the limitations.

In addition to whether the statute of limitations should be equitably tolled, the Court also addresses whether the federal habeas petition raises a convincing claim of actual innocence that allows the Court to consider the petition even though it is untimely. The Court concludes the petition does not. To qualify for the "actual innocence" exception, a habeas petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quotation omitted). The Supreme Court has stressed the actual innocence exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 521 (2006) and that ("tenable actual-innocence gateway pleas are rare." *McQuiggin*, 569 U.S. at 386. Here, the petition does not allege petitioner is actually innocent. Instead, the petition alleges relief should be granted because of errors regarding evidentiary rulings, jury instructions and in imposing sentence. The Court accordingly concludes the actual innocence exception is inapplicable to this case and that the petition should be dismissed as barred by the habeas statute of limitations.

In sum, there is no dispute that the federal habeas petition was filed outside of the statute of limitations. The petition itself acknowledges that the petition is "late." Because the petition was prepared and filed by an attorney the "mail-box" rule is inapplicable. Hence the fact petitioner sent materials to Mr. Kolke in October cannot be deemed to meet the "mail-box" rule

in calculating the date the habeas petition was filed. Mr. Kolke provided an explanation for why the petition is late. However, his explanation establishes that he did not act with the diligence required to equitably toll the federal habeas statute of limitations. Additionally, the habeas petition does not present a convincing claim of actual innocence, and hence that potential exception to the habeas statute of limitations is also inapplicable. Accordingly, the Court recommends that the federal habeas petition be DENIED, and the case be DISMISSED with prejudice.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds no reasonable jurist would disagree the habeas petition is untimely and not subject to equitable tolling, or the actual innocence exception to the statute of limitations. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 5, 2021.** The Clerk should note the matter for **April 9, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 22nd day of March 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge