UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD RICHARD BROWN,

                Petitioner,

vs.

DONALD HOLBROOK,

                Respondent.

NO. 2:20-cv-01753-RSM

ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

      This matter comes before the Court on Petitioner Ronald Richard Brown's Motion to Alter or Amend. Dkt. #19. Mr. Brown moves the Court pursuant to Rule 59(e) to alter or amend the Court's prior judgment dismissing this case "to correct manifest errors of law and fact and to correct a gross miscarriage of justice." *Id*. at 1. The Court adopted the Report and Recommendation of Magistrate Judge Tsuchida recommending dismissal due to the untimeliness of Petitioner's §2254 petition. Dkts. #11 and #15. Petitioner now argues, as he did in his Objections to the Report and Recommendation, that his counsel had an extra day to file this petition due to 2020 being a leap year. *See* Dkt. #19 at 3–4. He discusses the "extraordinary circumstance" of the COVID-19 pandemic, as was discussed in his Objections. *Id*. at 4–5. He argues that his attorney's negligence in filing late constitutes extraordinary circumstances warranting the requested relief. *Id*. at 7–10. This too was discussed previously.

      A district court has considerable discretion when considering a motion to alter or amend a

ORDER DENYING PETITIONER'S MOTION TO ALTER
OR AMEND JUDGMENT - 1

judgment under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion for relief from judgment under Rule 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted). Vacating a prior judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Mr. Brown does not offer newly discovered evidence or argue that there has been an intervening change in controlling law. Instead, he argues manifest error. Mr. Brown essentially repeats the same arguments, albeit with greater detail and new legal citation. The Court has reviewed the prior rulings in this case and finds no clear error. Although the Court prefers to rule on the merits of cases rather than procedure, the outcome here is not manifestly unjust given the reasons set forth by Judge Tsuchida. *See* Dkt. #11 at 5–6 (discussing equitable tolling), at 7 (discussing attorney abandonment cases), and at 8 (discussing "actual innocence" exception). Accordingly, relief under Rule 59(e) is not warranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner Brown's Motion to Alter or Amend, Dkt. #19, is DENIED.

DATED this 13th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE